UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIDNEY R. POE,

    Petitioner,

v.

ROSEMARY NDOH, Warden,

    Respondent.

Case No. 18-cv-02850-HSG (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, an inmate at Avenal State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court dismisses two claims and orders Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, on or about November 15, 2013, Petitioner was convicted by an Alameda County jury of attempted murder, shooting at an occupied motor vehicle, and shooting at an inhabited dwelling, with enhancements for personal use of a firearm. He was sentenced to 35 years in state prison. In 2016, the California Court of Appeal affirmed his conviction. In 2017, the California Supreme Court denied his petition for review. Petitioner did not pursue habeas relief in state court. The instant action was filed on May 15, 2018.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing

the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims that: (1) there was insufficient evidence to support the conviction for attempted murder; (2) the trial court erred in denying his *Batson*/*Wheeler* motion[1]; (3) his right to a jury trial was violated because two jurors fell asleep during trial; and (4) the prosecutor committed misconduct by commenting and implying that petitioner was a drug dealer. The Court orders Respondent to show cause why the petition should not be granted as to these claims.

Petitioner also claims that the prosecutor initially assigned to his case retired, and the new prosecutor did not offer Petitioner a plea deal. "[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Accordingly, this claim is DISMISSED.

Finally, Petitioner claims that in retaliation for Petitioner's failing to appear at his sentencing hearing, the trial judge sentenced him to the maximum allowed sentence. This claim concerns only a matter of state sentencing law and therefore does not raise a cognizable federal habeas claim. *See Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (holding that a claim of sentencing error for imposing "two sentences for a single act" under California Penal Code § 654 is not cognizable on federal habeas review); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law"). Accordingly, this claim is DISMISSED.

**CONCLUSION**

For the foregoing reasons,

1. The Clerk shall mail a copy of this order and the petition with all attachments to the Respondent and the Respondent's attorney, the Attorney General of the State of California. The

---

[1] *See Batson v. Kentucky*, 476 U.S. 79, 89 (1986); *People v. Wheeler*, 22 Cal. 3d 258 (1978).

United States District Court
Northern District of California

1  Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of the date the answer is filed.

3. Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 7/23/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

3