UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY R. POE, JR.<br><br>Petitioner,<br><br>v.<br><br>ROSEMARY NDOH,<br><br>Respondent. | Case No. 18-cv-02850-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS; REQUIRING ELECTION BY PETITIONER ON UNEXHAUSTED CLAIMS**<br><br>Re: Dkt. No. 8 |

## INTRODUCTION

On May 15, 2018, Petitioner Sidney R. Poe, Jr., an inmate incarcerated at Avenal State Prison, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Alameda County Superior Court and raising six claims. Dkt. No. 1. Per order filed July 23, 2018, the Court found that the petition stated the following cognizable claims: (1) insufficient evidence to support the attempted murder conviction; (2) the trial court erred in denying his *Batson*/*Wheeler* motion; (3) his right to a jury trial was violated because two jurors fell asleep during trial; and (4) the prosecutor committed misconduct by commenting and implying that Petitioner was a drug dealer. Dkt. No. 6. The Court dismissed the claims regarding the failure to offer a plea deal and being sentenced to the maximum allowable sentence for failure to state cognizable federal habeas claims. *Id.* The Court ordered Respondent to show cause why the writ should be granted based on the cognizable claims. *Id.* On September 12, 2018, Respondent filed a motion to dismiss the petition for failure to exhaust state judicial remedies as to three of the claims. Dkt. No. 8. Petitioner did not file an opposition.

## PROCEDURAL BACKGROUND

On March 18, 2013, a jury found Petitioner guilty of four counts of attempted murder (Cal.

Penal Code §§ 187, 664(a)); four counts of assault with a semiautomatic firearm (Cal. Penal Code § 245(b)); one count of shooting at an occupied motor vehicle (Cal. Penal Code § 246); and one count of shooting at an inhabited dwelling (Cal. Penal Code § 246). As to the attempted murder counts, the jury found true enhancements for personally using and discharging a firearm (Cal. Penal Code § 12022.53(b)–(g). Dkt. No. 8 at 6–8. Petitioner was sentenced to an aggregate term of 35 years to life. Ex. 1.[1]

Petitioner appealed his conviction to the California Court of Appeal, arguing that the trial court erred in denying his *Batson*/*Wheeler* motion. The state appellate court affirmed the conviction on November 29, 2016. Ex. 1. Petitioner filed a petition for review with the California Supreme Court, raising the same *Batson*/*Wheeler* motion. The California Supreme Court denied review on February 15, 2017. Exs. 2 and 3. Petitioner states that he did not seek collateral relief in the state court.[2] Pet. at 3.

**DISCUSSION**

**A. Legal Standard**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by providing the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)–(c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation and citation omitted). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

---

[1] All references herein to exhibits are to the exhibits submitted by Respondent in support of the motion to dismiss.
[2] Respondent states that she has searched the websites for the California Court of Appeal, First District, and for the California Supreme Court and found no state habeas petitions filed by Petitioner with respect to the convictions at issue in this action. Dkt. No. 8 at 3.

The exhaustion requirement is satisfied only if a federal claim has been "fairly presented" to the state courts. *Picard*, 404 U.S. at 275. It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *See Picard*, 404 U.S. at 277. The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *see, e.g., Dye v. Hofbauer*, 546 U.S. 1, 3–4 (2005) (finding federal due process claim based on prosecutorial misconduct fairly presented where text of brief cited 5th and 14th Amendments and federal cases concerning alleged violation of federal due process rights in context of prosecutorial misconduct).

**B.     Analysis**

Respondent concedes that Petitioner's *Batson*/*Wheeler* claim is exhausted because it was raised in both Petitioner's direct appeal and his petition for review to the California Supreme Court. Respondent argues that the remaining claims — insufficient evidence, violation of right to a jury trial, and prosecutorial misconduct — are unexhausted, and Petitioner has not disputed this argument. The Court has compared the instant petition with the petition for review filed in the California Supreme Court (Ex. 3) to determine whether the remaining claims in the instant federal petition were presented to the California Supreme Court. The Court finds that Petitioner failed to include these claims in his state court petition for review. These three claims are therefore unexhausted.

The instant federal petition contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines*, 544 U.S. at 271. The Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose*, 455 U.S. at 522.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to elect whether to proceed with just his exhausted claim (the *Batson*/*Wheeler* claim), or to try to exhaust the unexhausted

3

claims (insufficient evidence, violation of right to a jury trial, and prosecutorial misconduct) before having this Court consider all of his claims. Accordingly, instead of an outright dismissal of the action, the Court will allow Petitioner to choose whether he wants to:

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claim; or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims; or

(3) move to stay these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

In *Rhines*, the United States Supreme Court discussed the stay-and-abeyance procedure for mixed petitions. The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277–78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be thirty (30) days to proceed to state court, as long as is necessary to resolve the proceedings in state court, and thirty (30) days to return to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003).

Petitioner is cautioned that each of the three options outlined above has risks and drawbacks he should take into account in deciding which one to choose. If he chooses option (1) and goes forward with only his exhausted claim, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may be

4

rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and, if the motion is granted, he then must act diligently to file a petition in the California Supreme Court and obtain a decision from that court on his unexhausted claims, and then must return to this Court. And under option (3), this action stalls; this Court will do nothing further to resolve the case while Petitioner is diligently seeking relief in state court.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss (Dkt. No. 8) is GRANTED.

2. Within **twenty-eight (28)** days of the date of this Order, Petitioner must serve and file a notice in which he states whether he elects to: (1) dismiss the unexhausted claims (insufficient evidence, violation of right to a jury trial, and prosecutorial misconduct) and go forward in this action with only the remaining exhausted claim (*Batson*/*Wheeler* claim); or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition; or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims.

If Petitioner chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under Option _____ provided in the Court's 'Order Granting Respondent's Motion to Dismiss; Requiring Election by Petitioner on Unexhausted Claims'." Petitioner must insert a (1) or (2) in place of the blank space to indicate which of the first two options he chooses.

If Petitioner chooses Option (3), he must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless and that he is not intentionally delaying resolution of his constitutional claims.

If Petitioner does not choose one of the three options within **twenty-eight (28) days** of the date of this Order, this petition will be dismissed without prejudice to Petitioner's later filing a new petition that contains only exhausted claims.

This order terminates ECF No. 8.

**IT IS SO ORDERED.**

Dated: 5/31/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge