1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 SIDNEY R. POE,                                    Case No.  18-cv-02850-HSG

8            Petitioner,                            **ORDER TO SHOW CAUSE**

9      v.

10 ROSEMARY NDOH,

11            Respondent.

12

13          On May 15, 2018, Petitioner Sidney R. Poe, Jr., an inmate incarcerated at Avenal State

14 Prison, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a

15 judgment of conviction from Alameda County Superior Court and raising six claims.  Dkt. No. 1.

16 Per order filed July 23, 2018, the Court found that the petition stated the following cognizable

17 claims: (1) insufficient evidence to support the attempted murder conviction; (2) the trial court

18 erred in denying his *Batson*/*Wheeler* motion; (3) his right to a jury trial was violated because two

19 jurors fell asleep during trial; and (4) the prosecutor committed misconduct by commenting and

20 implying that Petitioner was a drug dealer.[1]  Dkt. No. 6.

21          On May 31, 2019, the Court entered an order finding that Petitioner's claims of insufficient

22 evidence, violation of right to a jury trial, and prosecutorial misconduct were unexhausted and that

23 this petition was therefore a "mixed" petition, i.e., one that included both exhausted and

24 unexhausted claims.  Dkt. No. 9.  The Court directed Petitioner to choose one of the following

25 three options: (1) dismiss the unexhausted claims and go forward in this action with only the

26 exhausted claim; (2) dismiss this action and return to state court to exhaust all claims before filing

27

28 _____

[1] The Court dismissed the claims regarding the failure to offer a plea deal and being sentenced to the maximum allowable sentence for failure to state cognizable federal habeas claims.  Dkt. No. 6.

1  a new federal petition presenting all of his claims; or

2  (3) move to stay these proceedings while he exhausts his unexhausted claims in the California

3  Supreme Court. *Id.* at 4–6.  Petitioner has filed a notice of election and has opted to drop his

4  unexhausted claims and proceed only with the exhausted *Batson/Wheeler* claim.  Dkt. No. 10.

5        Accordingly, the Court orders as follows.

6        Within **ninety-one (91) days** of the issuance of this order, Respondent shall file with the

7  Court and serve on Petitioner, an answer conforming in all respects to Rule 5 of the Rules

8  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted

9  based on the *Batson/Wheeler* claim found cognizable in the Court's July 23, 2018 Order to Show

10  Cause (Dkt. No. 6).  Respondent shall file with the answer and serve on Petitioner a copy of all

11  portions of the state trial record that have been transcribed previously and that are relevant to a

12  determination of the issues presented by the petition.  If Petitioner wishes to respond to the

13  answer, he shall do so by filing a traverse with the Court and serving it on Respondent within

14  **thirty-five (35) days** of the date the answer is filed.

15        **IT IS SO ORDERED.**

16  Dated:  6/25/2019

17

18  HAYWOOD S. GILLIAM, JR.
    United States District Judge

19

20

21

22

23

24

25

26

27

28